**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<div style="float:left">

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE
</div>

<div style="float:right">

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
</div>

November 15, 2022

LETTER OPINION

RE:     *Sharon S. v. Commissioner, Social Security Administration*;
        Civil No. JMC-21-00001

Dear Counsel:

Lawrence P. Demuth, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 20. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Demuth's requested amount constitutes a reasonable fee. ECF 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Demuth's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On December 3, 2021, this Court awarded Mr. Demuth $3998.43 for 18.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 19. Plaintiff subsequently received an Award Notice, in which she was awarded past due benefits. ECF 20-2. The SSA withheld twenty-five percent of Plaintiff's past due benefits, or $26,775.00. *Id.* On October 31, 2022, Mr. Demuth filed a Motion for Attorney's Fees, seeking $26,775.00 in attorney's fees, and agreeing to reimburse the smaller EAJA award to Plaintiff. ECF 20.

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Demuth and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Demuth twenty-five percent of all retroactive benefits to which she might become entitled. ECF 17-4. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted an itemized report documenting the 18.25 billed hours he expended before this Court in Plaintiff's case. ECF 17-8. If Mr. Demuth receives the full amount of fees he requests,

*Sharon S. v. Commissioner, Social Security Administration*;
Civil No. JMC-21-00001
November 15, 2022
Page 2

his fee for representation before this Court will effectively total $1467.12 per hour.  Mr. Demuth must therefore show that an effective rate of $1467.12 per hour is reasonable for the services he rendered.  *See Gisbrecht*, 535 U.S. at 807.

The declaration Mr. Demuth filed in this Court indicates that he has been practicing since 2005. ECF 17-7 ¶ 5. This places him into the category of attorneys admitted for fifteen to nineteen years in the fee guidelines appended to the Local Rules of this Court.  Notably, Mr. Demuth's requested fee results in well more than three times the top hourly rate that is presumptively reasonable for attorneys of his experience level,[1] and more than four times his stated hourly billing charge of $350, ECF 17-7 ¶ 6.  Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Demuth's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, even to attorneys with more experience.  *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 U.S. Dist. LEXIS 92832 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with hourly rate of $1,028.14).  Hourly rates exceeding $1,000 are the exception, not the rule.  While this Court notes Mr. Demuth's effective performance and the substantial past-due benefit award to his client, Mr. Demuth's request in this case would result in a windfall.  Instead, this Court finds that an award of $24,181.25, amounting to an hourly rate of $1325.00—more than triple the top hourly rate for an attorney of Mr. Demuth's experience, would adequately compensate Mr. Demuth for the time that he spent on this case in this Court.  *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Demuth's request for attorney's fees, ECF 20.  This Court will award Mr. Demuth attorney's fees totaling $24,181.25.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case.  *See* Loc. R. App. B (D. Md. 2021).  For attorneys admitted to the bar for 15 to 19 years, like Mr. Demuth, the presumptively reasonable hourly rate is between $275.00 and $425.00 per hour.  Loc. R. App. B (D. Md. 2021).